IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL,                :

    Plaintiff,                            :

v.                                               :          Civil Action No. GLR-15-2265

EXECUTIVE DIRECTOR,         :
CHRISTINE A. FARRELLY, et. al.,
                                                    :
    Defendants.
                                                    :

**MEMORANDUM OPINION**

Gregory Marshall, a Maryland Division of Correction ("DOC") prisoner housed at North Branch Correctional Institution ("NBCI"), filed a Complaint pursuant to 42 U.S.C. § 1983, claiming civil rights violations under the Eighth Amendment, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq. (2012), and denial of equal protection based on racial discrimination.  (See Compl., ECF No. 1).  Marshall alleges his medical need for properly fitting corrective contact lenses has been ignored, leading to visual impairment which has resulted in endangerment from his cell mate.  He seeks a preliminary injunction mandating transportation to University of Maryland Hospital ("UM") for re-fitting of his contact lenses and that he be provided with a particular headache medication. He further requests single-cell assignment to protective custody or the prison medical infirmary.

In support of his claims, Marshall alleges Defendant Michael Summerfield, MD, an ophthalmologist under contract with DOC to provide eye care to prisoners, and prison physician Defendant Colin Ottey, MD, have ignored his complaint concerning ill-fitting contact lenses and

failed to renew his prescription for Fioricet.[1]  Marshall also alleges that Ottey has "conspired" to keep him from receiving treatment for a liver condition.  Additionally, Marshall names Defendant Assistant Warden Richard S. Roderick for his role in using a racial epitaph when refusing to investigate Marshall's complaint concerning the contact lenses and in denying Marshall a single cell "ordered" by UM ophthalmologist Dr. Moulaye Haidara.  Finally, Marshall alleges Defendant Christine A. Farrelly, Executive Director of Maryland's Board of Physicians, has ignored his call for an investigation into the quality of health care provided by Ottey and Summerfield.  Marshall's Complaint is accompanied by a Motion for Leave to Proceed In Forma Pauperis.  (ECF No. 2).

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that fail to state a claim or are frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (2012); see 28 U.S.C. § 1915A (2012).  Because Marshall proceeds pro se, however, his pleading is liberally construed and his complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972).  Upon consideration of the Complaint, the Complaint will be dismissed in part.

First, to the extent Marshall seeks preliminary injunctive relief mandating his placement in a single cell, his request will be denied.  A preliminary injunction is "an extraordinary and drastic remedy."  Munaf v. Geren, 553 U.S. 674, 689 (2008).  To obtain a preliminary injunction a movant must demonstrate (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc.,

---

[1] A headache medication, pain reliever, and fever reducer that contains acetaminophen, butalbital (a barbiturate), and caffeine, used to relax muscle contractions involved in a tension headache.  Fioricet, Drugs.com (Aug. 21, 2005 11:30 am), http://www.drugs.com/fioricet.html.

555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).  Marshall has failed to make this showing.[2]  Accordingly, his request for a preliminary injunction shall be denied.

Next, Marshall's claim against Defendant Christine A. Farrelly will be dismissed.  To state a claim under 42 U.S.C. § 1983 (2012), Marshall must allege sufficient facts showing a depravation of rights guaranteed by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

Marshall alleges he submitted complaints concerning Dr. Colin Ottey and Dr. Michael Summerfield to the Board of Physicians,[3] Maryland's medical licensing board, on February 11 and May 18, 2015.  Marshall has failed to allege facts sufficient to establish that Farrelly's failure to acknowledge and/or act on his complaints violates his Eighth Amendment right to health care during incarceration.  Moreover, to the extent Marshall is requesting relief in the nature of mandamus, the Court does not have jurisdiction over state employees in an action for writ of mandamus.  See Gurley v. Super. Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969).  Accordingly, his claim against Farrelly will be dismissed.

Next, Marshall's claim that denial of medical care establishes disability discrimination in violation of ADA will be dismissed.  To establish a claim under the ADA, a plaintiff must show

---

[2] By his own admission, the "harm" Marshall alleges – that he was assaulted by cell mate Haley on July 20, 2015, and couldn't see to defend himself – went unreported to prison authorities and thus cannot be substantiated.  Further, it appears that Marshall and Haley may no longer be housed in the same cell.  Nevertheless, the Court notes that a process exists for prisoners to be removed from one another due to security concerns.  If Marshall is endangered by Haley, Marshall should report his concern to prison authorities for investigation into whether Haley should be added to Marshall's "enemies list."

[3] The Maryland Board of Physicians is an agency within Maryland's Department of Health and Mental Hygiene.  See Md. Bd. Of Physicians, http://www.mbp.state.md.us/ (last visited Aug. 21, 2015).

that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. Constantine v. George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999).  Where no discrimination is alleged, the ADA is not violated by a prison's failure to attend to the medical needs of its disabled prisoners.  See Miller v. Hinton, 288 Fed.Appx. 901, 902-03 (4th Cir. 2008) (finding that a prison's alleged denial of access to colostomy bags and catheters by an inmate, who was a paraplegic confined to a wheelchair who used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); see also Spencer v. Easter, 109 Fed.Appx. 571, 573 (4th Cir. 2004) (finding that failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability).  Here, Marshall has failed to allege any factual basis to support entitlement to accommodation based on disability within the meaning of the ADA.  Accordingly, his ADA claim will be dismissed.

Next, Marshall alleges he was verbally abused upon complaining about his medical problems to Defendant Assistant Warden Richard S. Roderick.  The facts alleged fail to support conduct forbidden by the Eighth Amendment.  See Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").  Verbal abuse of a prisoner, without more, does not state a cognizable claim under § 1983.  Wilson v. McKeller, 254 Fed.Appx. 960, 961 (4th Cir. 2007) (rejecting inmate's claim regarding guard's use of racial slur, because mere threats or verbal abuse do not state a cognizable claim under § 1983).  Accordingly, any claim related to verbal abuse by Roderick will be dismissed.

Next, Marshall alleges prison medical personnel conspired to deprive him of appropriate medical care to treat liver disease.  To support his claim, Marshall points out a brief notation in a November 18, 2014 medical report indicating past liver problems in his medical history.  To sustain such a claim, there must be some evidence of a concerted effort or agreement between several defendants to deny a plaintiff a viable constitutional right.  Marshal has failed to allege facts sufficient to sustain a claim under 42 U.S.C. § 1983 with respect to his alleged liver disease.  Accordingly, Marshall's claims that prison officials conspired to deprive him of appropriate medical care to treat liver disease will be dismissed.

Finally, although Marshall is barred generally from civil filings under the "three strikes" provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g),[4] this case will proceed with regard to Marshall's allegations that his problem with ill-fitting contact lenses continues to be ignored and that he is housed with a dangerous cell mate and suffers such physical impairment as to require single-cell housing.

For the foregoing reasons, the Court will, by separate Order, DISMISS the case in PART.

September 2, 2015
Date

/s/
_____
George L. Russell, III
United States District Judge

---

[4] Marshall's complaints were dismissed as frivolous or pursuant to Federal Rule of Civil Procedure 12(b)(6) in Marshall v. Lanham, AW-97-990 (D.Md.) (dismissed April 8, 1997); Marshall v. Corr. Ctr. of Howard Cty., AW-97-2536 (D.Md.) (dismissed August 19, 1997); and Marshall v. Kemmerer, AW-02-2133 (D.Md.) (dismissed July 26, 2002).  In Marshall v. Joubert, RWT-11-3189 (D.Md.), the Honorable Roger W. Titus accepted that Marshall has physical limitations and suffers from long-term mental illness.  The Court noted Marshall's long-standing history of swallowing objects such as razor blades and otherwise inflicting harm on himself to obtain placement in mental health programs operating within various Maryland prisons as well as his frequent refusal to avail himself of the mental health treatment offered at other prison facilities in the hope of manipulating his housing assignments.